UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| JOHN CHAMBERLAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>REDDY ICE HOLDINGS, INC., *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 2:08-cv-13451-PDB-SDP<br><br>CLASS ACTION |

**DEFENDANT RAYMOND BOOTH'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Raymond Booth moves to Dismiss the Consolidated Class Action Complaint (the "Complaint") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The bases for this motion are expressed fully in the attached brief in support, as well as in the Brief in Support of Defendant Reddy Ice Holdings' Motion to Dismiss.

WHEREFORE, Defendant Raymond Booth respectfully requests that this Court dismiss the Complaint against him and award attorney fees, costs and such other relief as the Court deems just and equitable.

Dated:  December 17, 2009

　　　　　　　　　　　　　　　　　　　　　　/s/ Dean F. Pacific
　　　　　　　　　　　　　　　　　　　Dean F. Pacific (P57086)
　　　　　　　　　　　　　　　　　　　Brian J. Masternak (P57372)
　　　　　　　　　　　　　　　　　　　Warner Norcross & Judd LLP
　　　　　　　　　　　　　　　　　　　900 Fifth Third Center
　　　　　　　　　　　　　　　　　　　111 Lyon NW
　　　　　　　　　　　　　　　　　　　Grand Rapids, Michigan 49503
　　　　　　　　　　　　　　　　　　　Telephone: (616) 752-2205
　　　　　　　　　　　　　　　　　　　Email: dpacific@wnj.com
　　　　　　　　　　　　　　　　　　　　　　　bmasternak@wnj.com
　　　　　　　　　　　　　　　　　　　Counsel for Defendant Raymond Booth

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| JOHN CHAMBERLAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>REDDY ICE HOLDINGS, INC., *et al.*,<br>　　　　　　　　　Defendants. | Civil Action No. 2:08-cv-13451-PDB-SDP<br><br>CLASS ACTION |

## BRIEF IN SUPPORT OF DEFENDANT RAYMOND BOOTH'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Raymond Booth joins in the Motion to Dismiss, and supporting Brief, filed by his co-Defendants Reddy Ice Holdings, Inc., William P. Brick and Steven J. Janusek, and adopts and incorporates by reference those arguments here. The arguments raised by fellow "Individual Defendants" Brick and Janusek apply with equal force to Mr. Booth. In addition, Mr. Booth provides the following specific arguments in support of his individual Motion to Dismiss.

## INTRODUCTION

Fewer than 10 paragraphs of Plaintiffs' 76 page Consolidated Class Action Complaint even mention Defendant Raymond Booth. The sum of the specific "allegations" against Mr. Booth are:

- He was employed as Chief Operating Officer during some, but not all, of the time period relevant to Plaintiffs' claims (¶¶ 32,33);

- He received compensation in connection with his employment (¶ 172);

- He sold some Reddy Ice stock in 2005 in connection with Reddy Ice's IPO (¶¶ 37, 168);

- He certified that he had read the Reddy Ice Code of Ethics (¶ 182); and

- He resigned to pursue other opportunities in January 2008 (¶¶ 122, 184).

Assuming all Plaintiffs' allegation to be true, they prove nothing more than the fact that Mr. Booth was employed by Reddy Ice for a time, and was compensated for his efforts. That most certainly does not amount to a valid cause of action. Plaintiffs' allegations against Mr. Booth fall woefully short of stating a claim, and for that reason (along with the reasons articulated in Reddy Ice Holding's Brief in Support of its Motion to Dismiss) this Court should dismiss Plaintiffs' claims against Mr. Booth.

## ARGUMENT

As noted above, Plaintiffs make virtually no effort to cite specific facts that would result in liability on the part of Defendant Booth. The only specific "allegations" against Mr. Booth boil down to the fact that he was, for a time, the Chief Operating Officer of Reddy Ice. However, liability "cannot be inferred merely from the Individual Defendants' positions in the Company and alleged access to information." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 688 (6th Cir. 2004). Under the heightened pleading requirements of Rule 9(b) and the PSLRA, Plaintiffs' claims against Mr. Booth cannot survive unless they can "state with particularity facts giving rise to a **strong inference** that the Defendant acted with" scienter. 15 U.S.C. § 78u-4(b)(2) (emphasis added). Plaintiffs have not even attempted to satisfy this burden.

Instead, they attempt to gloss over this fundamental pleading deficiency by lumping Mr. Booth together with the other "Individual Defendants" described in paragraph 33 of their complaints – Messrs. Brick, Janusek and Weaver. Plaintiffs cannot so easily avoid their burden. Courts in this Circuit have rejected the so-called "group pleading doctrine" as "antithetical to the pleading requirement for scienter set forth in § 21D(b) of the PSLRA." I*n re Huffy Corp.*

*Securities Litigation*, 577 F.Supp.2d 968, 986 (S.D. Ohio 2008). When a Plaintiff alleges securities fraud by multiple Defendants, "the alleged fraudulent conduct of each Defendant must be set forth separately or otherwise the complaint is legally deficient…." *Morse v. McWhorter*, 200 F. Supp. 2d 853, 884 (M.D. Tenn. 1998); *see also In re America Service Group, Inc.*, 2009 WL 1348163, *30 (M.D. Tenn. 2009); *In re United American Healthcare Corp. Sec. Litig.*, 2007 WL 313491, at *16 (E.D. Mich. Jan. 30, 2007) ("scienter must be pled separately as to each Defendant."). For all of the Individual Defendants, and particularly in the case of the barely-mentioned Mr. Booth, Plaintiffs have fallen far short of meeting their pleading burden.

## CONCLUSION

For the foregoing reasons, as well as those articulated in the primary brief filed by Co-Defendants Reddy Ice, Brick and Janusek, Defendant Raymond Booth respectfully requests that this Court dismiss Plaintiffs Consolidated Class Action Complaint against him.

Dated: December 17, 2009

      /s/ Dean F. Pacific
Dean F. Pacific (P57086)
Brian J. Masternak (P57372)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2205
Email: dpacific@wnj.com
      bmasternak@wnj.com
Counsel for Defendant Raymond Booth

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2009, I electronically filed Defendant Raymond Booth's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, Brief in Support of Defendant Raymond Booth's Motion to Dismiss Plaintiffs' Consolidated Class

3

Action Complaint and Proof of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel registered electronically.

Dated:  December 17, 2009

      /s/ Dean F. Pacific
Dean F. Pacific (P57086)
Brian J. Masternak (P57372)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2205
Email: dpacific@wnj.com
      bmasternak@wnj.com
Counsel for Defendant Raymond Booth

1739899-2

4