IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| JOHN CHAMBERLAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>REDDY ICE HOLDINGS, INC., *et al.*,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§ Civil Action No.<br>§ 2:08-CV-13451-PDB-SDP<br>§<br>§ **CLASS ACTION**<br>§<br>§<br>§ |

### MOTION OF JIMMY C. WEAVER TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Jimmy C. Weaver ("Weaver"), respectfully submits this Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (the "Complaint") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). In support of his Motion, Weaver states as follows:

　　　　1.　　As a matter of law, the Complaint should be dismissed because Plaintiffs have not pled facts with particularity that show a violation of securities laws.

　　　　2.　　It should come as no surprise that Weaver shares the belief expressed by Reddy Ice Holdings, Inc. ("Reddy") and the two individual Defendants that share counsel with Reddy, William P. Brick ("Brick") and Steven J. Janusek ("Janusek") that the Complaint should be dismissed. And, thus Weaver joins Reddy, Brick and Janusek in their Motion to Dismiss; and for reasons of judicial economy, adopts the Motion and the relevant

arguments of Reddy, Brick and Janusek as his own in this present motion and incorporates them by reference, word, and design.

3.  First, Plaintiffs have not pled any actionable misstatement by Weaver because they have not shown the fully disclosed transaction of Reddy's with Mountain Water Ice (or any other alleged conduct) was unlawful, and they have not pled facts showing that Reddy or Weaver had a duty to disclose the legal risks of their conduct to the market.  See *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009).  Weaver, like Reddy, Brick and Janusek, did not owe a duty to disclose because, among other things, Plaintiffs cannot show that Reddy and Weaver's alleged statements of legal compliance were known to be false at the time they were made.  *Id.* at 947.

4.  Second, Plaintiffs have not pled facts sufficient to create a "strong inference" of scienter that is "at least as compelling as any opposing inference one could draw from the facts alleged".  *Tellabs Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 320 (2007).  The Complaint does not plead facts showing that Weaver knew the conduct to be illegal at the time the challenged public statements were made to investors.  See *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 684 (6th Cir. 2004).  Plaintiffs cannot show scienter through evidence of motive and opportunity because they do not allege that Weaver's or the other individual Defendants' stock sales were "unusual or suspicious" or that Weaver or the individual Defendants exhibited any other indicia of scienter recognized by courts in this Circuit.  *Grillo v. Tempur-Pedic Intern, Inc.*, 553 F. Supp.2d 809, 820-21 (E.D. Ky. 2008).

5.  Third, Plaintiffs have not linked any stock drop to a revelation that Reddy had made false and misleading statements, and thus, they have failed to plead loss causation.

Although Plaintiffs allege that Reddy's stock price fell after investigations were revealed to the market, the investigations have not resulted in a finding of misconduct on the part of Reddy or Weaver or any of the other individual Defendants, and Defendants' prior statements have not otherwise been revealed to be inaccurate. As a matter of law, the mere disclosure of investigations is insufficient to support a showing of loss causation. See *In re Avista Corp. Sec. Litig.*, 415 F. Supp.2d 1214, 1221 (E.D. Wash. 2005).

Wherefore, Weaver prays that the Court enter an order dismissing with prejudice Plaintiffs' Consolidated Class Action Complaint and awarding such other relief to which he may show himself to be justly entitled.

Dated December 17th, 2009.

Respectfully submitted,

 /s/ Timothy A. Duffy
Michael P. Gibson
State Bar No. 07871500
Timothy A. Duffy
State Bar No. 06170500
Burleson, Pate & Gibson, L.L.P.
900 Jackson Street, Suite 330
Dallas, TX 75202
(214) 871-4900
(214) 871-7543 (fax)
tduffy@bp-g.com

Thomas G. McNeill
Dickinson Wright, PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI  48226-3425
Tel:  (313) 223-3500

ATTORNEYS FOR
JIMMY C. WEAVER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above document has, on this 17th day of December, 2009, has been sent by electronic filing to the following attorneys of record.

**Via Electronic Filing**
Debra J. Wyman
Coughlin Stoia Geller Rudman & Robbins, LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101

**Via Electronic Filing**
Thomas C. Michaud
VanOverbeke, Michaud
79 Alfred Street
Detroit, MI 48201

**Via Electronic Filing**
Mark J. Zausmer
Mischa Boardman
Karyn A. Thwaites
Zausmer Kaufman
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374

**Via Electronic Filing**
Shaun-Lee M. Goddard
The Shea Law Firm
24901 Northwestern Highway, Suite 715
Southfield, MI 48075

**Via Electronic Filing**
David A. Ettinger
Raymond W. Henney
Honigman, Miller, Schwartz & Cohn, LLP
660 Woodward Avenue, Suite 2290
Detroit, MI 48226-3506

**Via Electronic Filing**
James R. Nelson
DLA Piper US, LLP
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629

**Via Electronic Filing**
Samuel B. Isaacson
DLA Piper US, LLP
203 N. LaSalle, Suite 1900
Chicago, IL 60601-1293

**Via Electronic Filing**
Gregory Castaldo
Lauren Wagner Pederson
Mark S. Danek
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

/s/ Timothy A. Duffy
Timothy A. Duffy