UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| JOHN CHAMBERLAIN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDY ICE HOLDINGS, INC., WILLIAM P. BRICK, STEVEN J. JANUSEK, JIMMY C. WEAVER, and RAYMOND D. BOOTH,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 08-13451 (PDB)<br>)<br>)  **CLASS ACTION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>) |

**LEAD PLAINTIFFS' MOTION AND SUPPORTING BRIEF TO STRIKE CERTAIN EXHIBITS ATTACHED TO THE AFFIDAVIT OF STEVEN J. JANUSEK AND RELATED PORTIONS OF THE BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Motion To Strike ........................................................................................................1

Brief in Support of Motion To Strike .......................................................................2

I. Issues Presented ............................................................................................2

II. Argument .......................................................................................................2

    A. The Disputed Exhibits Are Completely Outside the Pleadings and Are Not Properly Before The Court On A Motion to Dismiss the Complaint ................................................2

    B. Disputed Exhibits May Not Be Considered On A Motion To Dismiss ..................................................................................4

    C. Lead Plaintiffs' Objections To Specific Disputed Exhibits ..............6

        1. Exhibit D ................................................................................6

        2. Exhibit E .................................................................................6

        3. Exhibit F .................................................................................7

        4. Exhibit G ................................................................................8

        5. Exhibit H ................................................................................9

        6. Exhibit K ................................................................................9

III. Conclusion ...................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Cantrell v. Knoxville Community Dev. Corp.*,
60 F. 3d 1177 (6th Cir. 1995) ................................................................................ 3,8

*In re Cardinal Health Inc. Sec. Litig.*,
426 F. Supp. 2d 688 (S.D. Ohio 2006) ............................................................4, 5, 9, 10

*In re FirstEnergy Corp. Sec. Litig.*,
316 F. Supp. 2d 581 (N.D. Ohio 2004) .................................................................5, 8, 10

*Hennessy v. Penril Datacomm Networks*,
69 F.3d 1344, 1354-55 (7th Cir. 1995) ..................................................................5, 8, 10

*Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.*,
146 F.3d 66 (2d Cir. 1998) ..................................................................................... 5

*Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
322 F.3d 147 (2d Cir. 2003) ................................................................................... 3

*Riestenberg v. Broadview Federal Savings & Loan*,
843 F.2d 1392, 1988 WL 28803 (6th Cir. 1988) .................................................... 4

*Sigler v. Am. Honda Motor Co.*,
532 F.3d 469 (6th Cir. 2008) ............................................................................... 3, 5

*Smith v. United States,*
561 F.3d 1090 (10th Cir. 2009) ............................................................................. 4

*Sutton v. Utah State Sch. For Deaf & Blind,*
173 F.3d 1226, 1236 (10th Cir. 1999) ................................................................... 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
127 S. Ct. 2499 (2007) ................................................................................. passim

*Wyser-Pratte Management Co., Inc. v. Telxon Corp.*,
413 F.3d 553 (6th Cir. 2005) ................................................................................ 4

**RULES**

Fed. R. Civ. P. 12(b) .................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ..................................................................................... passim

Fed. R. Civ. P. Rule 12(f) .......................................................................................... 4

Fed. R. Evid. 201 ........................................................................................................................ 5

Fed. R. Evid. 201(b) ............................................................................................................. 3, 5

Fed. R. Evid. 201(b)(2) ............................................................................................................ 5

Rule 10b-5 ................................................................................................................................ 3

Local Rule 7.1(a) ..................................................................................................................... 1

**LEAD PLAINTIFFS' MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO THE AFFIDAVIT OF STEVEN J. JANUSEK AND RELATED PORTIONS OF THE <u>BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

Lead Plaintiffs Lawrence Diamond and Southeastern Pennsylvania Transportation Authority ("Plaintiffs") respectfully submit this Motion to Strike Certain Exhibits Attached to the Affidavit of Steven J. Janusek (the "Janusek Affidavit") [Dkt. 43-3], which Defendants Reddy Ice Holdings, Inc., William Brick and Steven Janusek ("Defendants") filed in support of their motion to dismiss Plaintiffs' Consolidated Class Action Complaint (the "Complaint"). Plaintiffs further move to strike all references to the disputed exhibits in Defendants' Brief in Support of their Motion to Dismiss the Complaint [Dkt. 43]. Specifically, Plaintiffs move to strike Exhibits D, E, F, G, H and K to the Janusek Affidavit as being improperly used to support Defendants' motions to dismiss the Complaint because such exhibits are not referenced in the Complaint and are not documents proper for judicial notice. In further support of this motion, Plaintiffs submit the brief set forth below. Pursuant to Local Rule 7.1(a), counsel for Plaintiff conferred with counsel for the Defendants, and they do not agree to the relief requested herein.

**LEAD PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO THE AFFIDAVIT OF STEVEN J. JANUSEK AND RELATED PORTIONS OF THE BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.  Issues Presented:**

Whether exhibits consist of documents that are not referenced in Plaintiffs' Complaint and documents that are not proper for judicial notice should be stricken from the record along with all references to such exhibits in Defendants' motion to dismiss Plaintiffs' Complaint?

**II.  Argument**

Lead Plaintiffs Lawrence Diamond and Southeastern Pennsylvania Transportation Authority ("Plaintiffs") respectfully submit this brief in support of their Motion to Strike Certain Exhibits From the Affidavit of Steven J. Janusek (the "Janusek Affidavit") [Dkt. 43-3], as well as associated portions of the Brief [Dkt. 43] filed by Defendants Reddy ice Holdings, Inc. ("Reddy Ice" or the "Company"), William Brick and Steven Janusek (collectively, referred to as "Defendants") in Support of their Motion to Dismiss the Consolidated Class Action Complaint (the "Complaint").[1]  Certain documents and their content upon which Defendants rely in their arguments are outside the proper scope of a motion to dismiss and should not be considered by the Court.

    **A.  The Disputed Exhibits Are Completely Outside the Pleadings and Are Not Properly Before the Court On a Motion to Dismiss the Complaint**

In a premature attempt to raise purported, fact-based defenses to the merits of Plaintiffs' claims, Defendants submit in support of their Rule 12(b)(6) motion 12 documents, numbering almost 200 pages, that are extraneous to the Complaint, and certain of which have never been made public and are not proper for judicial notice (the "Disputed Exhibits").  Defendants

---

[1] Citation to Defendants' Brief in Support of their Motion to Dismiss are designated as "Def. MTD at ___."

2

improperly put forth the Disputed Exhibits in an attempt to dispute that Reddy Ice engaged in any illegal anticompetitive conduct, even though the Company has fired an executive for engaging in such conduct. The Disputed Exhibits consist of Exhibits D, E, F, G, H and K to the Janusek Affidavit. None of these Disputed Exhibits is quoted, or even referenced in the Complaint, nor are any of these extraneous documents integral to Plaintiffs' claims. Defendants' efforts to have the Court consider documents entirely outside the Complaint clearly violates well-settled principals governing the proper scope of a Rule 12(b)(6) motion to dismiss.

Without regard to the merits (or lack thereof) of Defendants' arguments, the Court should completely disregard the Disputed Exhibits at this early stage of the litigation. The actual impact of the Disputed Exhibits and their significance regarding Defendants' fraudulent scheme of misrepresenting and omitting material information about Reddy Ice's illegal anticompetitive conduct when touting the Company's success and dominant market position presents factual issues not appropriate for resolution on a motion to dismiss. Thus, the Disputed Exhibits (along with associated portions of Defendants' motion to dismiss) should be stricken from the record and disregarded by the Court. *See Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 476 (6th Cir. 2008) (Federal Rule of Evidence 201 governs judicial notice of "adjudicative facts"). In pertinent part, Rule 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See also Cantrell v. Knoxville Community Dev. Corp.*, 60 F. 3d 1177, 1180 (6th Cir. 1995); *Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 158 (2d Cir. 2003) ("A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not assay the weight of the evidence which might be offered in support thereof.") (citation omitted).

In deciding a Rule 12(b)(6) challenge to a Section 10(b) and Rule 10b-5 securities action, matters "outside the pleadings" are not to be considered by a court in ruling on a 12(b)(6) motion

to dismiss. *See Riestenberg v. Broadview Federal Savings & Loan,* 843 F.2d 1392, 1988 WL 28803, at *1 (6th Cir. 1988). When presented with a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the Complaint as true and consider the Complaint in its entirety, including documents incorporated into the complaint by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 127 S. Ct. 2499, 2509 (2007). The court may also consider "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). The Court's function is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *See Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Sutton v. Utah State Sch. For Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999)).

The Disputed Exhibits are not incorporated into the Complaint by reference, are not integral to the Complaint  are not public records or other documents that are appropriate for judicial notice. *See Cantrell*, 60 F. 3d at 1180. Therefore, under clearly established legal principals, the Court may not consider the Disputed Exhibits unless Defendants' Motion to Dismiss is treated as a motion for summary judgment and is disposed of as such – *i.e.*, Plaintiffs are first given the opportunity to conduct discovery and present their own documents and other evidence relevant to the issue of whether Defendants made any actionable misrepresentations or omissions regarding their illegal anticompetitive conduct. *See Riestenberg,* 843 F.2d 1392, 1988 WL 28803, at *1; Fed. R. Civ. P. 12(b).

### B.       Disputed Exhibits May Not Be Considered On A Motion to Dismiss

Fed. R. Civ. P. Rule 12(f) permits this Court to strike from Defendants' pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *In re Cardinal Health Inc. Sec. Litig.*, 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006). Motions to strike

4

can remove "unnecessary clutter" from cases and thereby expedite them. *Id.* (citation omitted). A district court may take judicial notice of an adjudicative "fact" not subject to reasonable dispute because it is either: (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). *See Sigler*, 532 F.3d at 476. Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b). *See Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66 (2d Cir. 1998). As to certain exhibits noted below, Defendants cannot provide the necessary information required by Rule 201(b)(2), and judicial notice for those exhibits is not proper.

      Whether a document is integral to the Complaint is within the Court's discretion, which should be guided by Federal Rule of Evidence 201. *Cardinal Health*, 426 F. Supp. 2d at 712. It is clear that even documents which are normally proper for judicial notice may be rightfully excluded from consideration where the moving party improperly relies upon the documents. For example, when considering public documents in ruling on a motion to dismiss the Complaint, the Court may not "accept a document to decide facts that are in dispute." *See In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 592 (N.D. Ohio 2004) (citing *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (refusing to take judicial notice of Form 10-K to resolve factual dispute)). Judicial notice is reserved for facts ***not*** subject to reasonable dispute. *See Cardinal Health*, 426 F. Supp. 2d at 713 (citing Fed. R. Evidence 201). Because Defendants proffer Exhibits D, E, F, G, H and K to urge the Court to resolve factual disputes that they raise in their motion to dismiss, the Court should refuse to take judicial notice of any of these exhibits, which in any event are not properly subject to judicial notice.

**C.    Lead Plaintiffs' Objections to Specific Disputed Exhibits**

**1.    Exhibit D**

Exhibit D is identified in the Janusek Affidavit as a press release issued by Easterly Investor Relations on behalf of Packaged Ice, Inc. on November 30, 2001 (the "Packaged Ice Press Release"). Plaintiffs did not cite, quote, reference, rely upon or otherwise incorporate the Packaged Ice Press Release into their Complaint. Defendants improperly submit the Packaged Ice Press release as "evidence" of disputed facts. Factual challenges to Plaintiffs' Complaint have no bearing on the legal sufficiency of the allegations on a Rule 12(b)(6) motion to dismiss. Moreover, the Packaged Ice Press Release is not integral to Plaintiffs' claims as the facts alleged in the Complaint do not rely upon any transaction in 2001 between Packaged Ice, Inc. and Mountain Water Ice Companies. Also, the press release is not a public document that is generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Tellabs*, 127 S. Ct. at 2509. The accuracy of the press release is not objectively verifiable or indisputable. Thus, Packaged Ice Press Release is not the proper subject of judicial notice. Therefore, Defendants' reliance upon the Packaged Ice Press Release (Def. Mem. at 3, 8, 10) is an improper factual challenge to the allegations in the Complaint. Defendants seek to recharacterize the allegations in Plaintiffs' Complaint as relating to a transaction in 2001 (4 years prior to the Class Period), pursuant to which Reddy Ice's predecessor entered into a asset sale to entities referred to in the press release as "Mountain Water Ice Companies," which are not even referenced in the Complaint.

Accordingly, the Court should strike Exhibit D from the record and disregard all references to the information in Exhibit D in ruling on Defendants' motion to dismiss the Complaint.

**2.    Exhibit E**

Exhibit E is identified in the Janusek Affidavit as the "transcript of Reddy's May 8, 2001 earnings release conference call, prepared by Easterly Investor Relations and delivered to Reddy

6

on or about May 8, 2001." The transcript actually appears to be a transcription from a earnings conference call by Packaged Ice, and in any event is not a transcript of Defendant Reddy Ice, as the Company was not taken public until August 2005, when the Class Period begins with its IPO. Plaintiffs did not cite, quote, reference, rely upon or otherwise incorporate the transcript into the Complaint. Also, the document is not a public document that is generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Tellabs*, 127 S. Ct. at 2509. The accuracy of the transcript is not objectively verifiable or indisputable and thus is not the proper subject of judicial notice. The facts that Defendants cite to in the transcript relate to Reddy Ice's predecessor's earnings report for one quarter in 2001 (5 years prior to the Class Period) and are entirely remote from the facts alleged in the Complaint. Moreover, Defendants' reliance upon the transcript (Def. Mem. at 3) is an improper factual challenge to the allegations in the Complaint.

Accordingly, the Court should strike Exhibit E from the record and disregard all references to the information in Exhibit E in ruling on Defendants' motion to dismiss the Complaint.

    **3.    Exhibit F**

Exhibit F is identified in the Janusek Affidavit as an Asset Purchase Agreement between Desert Mountain Ice, LLC, Mountain Water Ice Company, Glacier Valley Ice Company, LP, South Bay Ice, LLC, Reddy Ice Corporation and Packaged Ice, Inc., dated November 16, 2001 (the "Asset Purchase Agreement"). Defendant Reddy Ice is not a party to the Asset Purchase Agreement as the Company was not taken public until August 2005, when the Class Period begins with its IPO. Also, Plaintiffs did not cite, quote, reference, rely upon or otherwise incorporate the Asset Purchase Agreement into the Complaint. In addition, the document is not a public document that is generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Tellabs*, 127 S. Ct. at 2509. The accuracy of the Asset Purchase Agreement is not objectively verifiable or indisputable and

thus is not the proper subject of judicial notice. Defendants improperly rely upon the Asset Purchase Agreement to present evidence relating to Reddy Ice's predecessor's sale of assets in a geographical location (that is not readily determinable) to various companies in 2001. Also, the agreement is dated November 16, 2001, which is almost 5 years prior to the Class Period alleged in the Complaint. Moreover, Defendants' reliance upon the Asset Purchase Agreement (Def. Mem. at 3) is an improper factual challenge to the allegations in the Complaint.

Accordingly, the Court should strike Exhibit F from the record and disregard all references to the information in Exhibit F in ruling on Defendants' motion to dismiss the Complaint.

### 4. Exhibit G

Exhibit G is identified in the Janusek Affidavit as excerpted pages from Reddy's Annual Report for the fiscal year ended December 31, 2001, which Packaged Ice, Inc. filed on Form 10-K with the SEC on March 28, 2002 (the "2001 10-K"). Plaintiffs did not cite, quote, reference, rely upon or otherwise incorporate the 2001 10-K into the Complaint. Also, the 2001 10-K is not integral to Plaintiffs' Complaint. Defendants improperly seek support for their motion to dismiss by relying upon the truth of the matters asserted within the 2001 Form 10-K. (Def. Mem. at 3, 8). What is more, the portions of the document relied upon by Defendants also relate to Reddy Ice's predecessor's business and acquisitions in fiscal year 2001, which is remote from the Class Period, which begins in 2005 when Defendant Reddy Ice launched its IPO. The documents also does not say what Defendants purport to attribute to it, as the document speaks only to acquisitions and general business practice when Packaged Ice *acquires* and not when it *sells* assets, as Defendants suggest. (Def. Mem. at 3, 8). As previously stated, factual challenges to Plaintiffs' Complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). The Court may not "accept a document to decide facts that are in dispute." *See FirstEnergy*, 316 F. Supp. 2d at 592 (citing *Hennessy,* 69 F.3d at 1354-55 (refusing to take judicial notice of Form 10-K to resolve factual dispute). Judicial notice is reserved for facts ***not***

subject to reasonable dispute. *See Cardinal Health*, 426 F. Supp. 2d at 713 (citing Fed. R. Evidence 201). Thus, Defendants' reliance on and submission of the 2001 Form 10-K is an improper factual challenge to the Complaint.

Accordingly, the Court should strike Exhibit G from the record and disregard all references to the information in Exhibit G in ruling on Defendants' motion to dismiss the Complaint.

     5.    **Exhibit H**

Exhibit H is identified in the Janusek Affidavit as an email received by Steven J. Janusek from Brian Gerson, an employee of CIBC on or about May 9, 2006 (the "Gerson e-mail"). The Gerson email contains a press release from Arctic Glacier Income Fund of that same date.

Defendants improperly rely upon the Gerson e-mail to present evidence relating to Arctic Glacier's purchase of certain packaged ice companies in 2006. Plaintiffs did not cite, quote, reference, rely upon or otherwise incorporate the Gerson e-mail or the Press Release mentioned in the e-mail into the Complaint. In addition, the document is not a public document that is generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Tellabs*, 127 S. Ct. at 2509. The accuracy of the Gerson e-mail is not objectively verifiable or indisputable and thus is not the proper subject of judicial notice. Defendants' reliance upon the Gerson e-mail (Def. Mem. at 3, 10) is an improper factual challenge to the allegations in the Complaint.

Accordingly, the Court should strike Exhibit H from the record and disregard all references to the information in Exhibit H in ruling on Defendants' motion to dismiss the Complaint.

     6.    **Exhibit K**

Exhibit I is identified in the Janusek Affidavit as copies of excerpted pages from Packaged Ice, Inc.'s Annual Report for the fiscal year ended December 31, 1997, which Packaged Ice filed on Form 10-K with the SEC on March 30, 1998 (the "1997 10-K").

9

Plaintiffs did not cite, quote, reference, rely upon or otherwise incorporate the 1997 10-K into the Complaint. Also, the 1997 10-K is not integral to Plaintiffs' Complaint. Defendants improperly seek support for their motion to dismiss by relying upon the truth of the matters asserted within the 1997 10-K. (Def. Mem. at 10). The 1997 10-K relates to 1997, which is remote from the Class Period, which begins in 2005 when Defendant Reddy Ice launched its IPO. Moreover, the facts that Defendants seek to support with the 1997 10-K are not even mentioned in the 1997 10-K. *See* Def. Mem. at 10 (citing Exhibit K for events in 1985, 2001 or 2006). Again, factual challenges to Plaintiffs' Complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). The Court may not "accept a document to decide facts that are in dispute." *See FirstEnergy*, 316 F. Supp. 2d at 592 (citing *Hennessy,* 69 F.3d at 1354-55 (refusing to take judicial notice of Form 10-K to resolve factual dispute). Judicial notice is reserved for facts **not** subject to reasonable dispute. *See Cardinal Health*, 426 F. Supp. 2d at 713 (citing Fed. R. Evidence 201). Thus, Defendants' reliance on and submission of the 1997 10-K is an improper factual challenge to the Complaint.

Accordingly, the Court should strike Exhibit K from the record and disregard all references to the information in Exhibit K in ruling on Defendants' motion to dismiss the Complaint.

### III. <u>Conclusion</u>

For the foregoing reasons, the Disputed Exhibits should be stricken from the record, and all references to the Disputed Exhibits in Defendants' Motion to Dismiss and supporting brief should be disregarded.

DATED:  January 19, 2010

                    Respectfully submitted,

                    **BARROWAY TOPAZ KESSLER**
                      **MELTZER & CHECK, LLP**

                    */s/ Lauren Wagner Pederson*
                    GREGORY M. CASTALDO
                    LAUREN WAGNER PEDERSON
                    MARK S. DANEK
                    280 King of Prussia Road
                    Radnor, PA 19087
                    (610) 667-7706
                    (610) 667-7056 (fax)
                    gcastaldo@btkmc.com
                    lpederson@btkmc.com
                    mdanek@btkmc.com

                    *Lead Counsel for Lead Plaintiffs and the Class*


                    **COUGHLIN STOIA GELLER**
                      **RUDMAN & ROBBINS LLP**
                    DEBRA J. WYMAN
                    655 West Broadway, Suite 1900
                    San Diego, CA  92101
                    Telephone:  619/231-1058
                    619/231-7423 (fax)
                    debraw@csgrr.com

                    *Counsel for Plaintiff Lawrence Diamond*


                    **ZAUSMER, KAUFMAN, AUGUST,**
                     **CALDWELL & TAYLOR, P.C.**
                    MARK. J ZAUSMER (P31721)
                    KARYN A. THWAITES (P66985)
                    31700 Middlebelt Road, Suite 150
                    Farmington Hills, MI 48334
                    Telephone:  248/851-4111
                    248/851-0100 (fax)
                    mzausmer@zkact.com
                    kthwaites@zkact.com

                    *Liaison Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that January 19, 2010, I electronically filed the forgoing Motion to Strike Certain Exhibits Attached to the Affidavit of Steven J. Janusek and Related Portions of the Memorandum of Law In Support of Defendants' Motions To Dismiss with the Clerk of the Court using the ECF system which will send notification of such filing to:  David A. Ettinger, James R. Nelson, Raymond W. Henney, and Samuel B. Isaacson.

*/s/ Lauren Wagner Pederson*