# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | | |
|---|---|---|
| JOHN CHAMBERLAIN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:08-cv-13451-PDB-SDP |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | |
| REDDY ICE HOLDINGS, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | U.S. Magistrate Judge R. Steven Whalen |

## DEFENDANTS REDDY ICE HOLDINGS, INC., BRICK, AND JANUSEK'S <u>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

JAMES R. NELSON
SAMUEL B. ISAACSON
**DLA PIPER LLP (US)**
1717 Main Street, Suite 4600
Dallas, TX 75201
Telephone: 214/743-4500
214/743-4545 (fax)
jr.nelson@dlapiper.com

RAYMOND W. HENNEY
**HONIGMAN MILLER SCHWARTZ AND COHN LLP**
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
Telephone: 313/465-7410
313/465-7411 (fax)

*Counsel for Defendants Reddy Ice Holdings, Inc., William P. Brick and Steven J. Janusek*

Defendants Reddy Ice Holdings, Inc. ("Reddy"), William Brick, and Steven Janusek ("Defendants") respectfully submit this Reply brief in support of Defendants' Motion to Dismiss ("Motion") Plaintiffs' Consolidated Class Action Complaint (the "Complaint").

## I.   REPLY ARGUMENTS AND AUTHORITIES

**A.   Plaintiffs' conclusory labels and mischaracterizations do not adequately plead that Defendants' statements were materially false and misleading.**

Plaintiffs' claims depend upon the existence of an agreement that violates the antitrust laws. Compl. at ¶¶ 5-7, 20, 72  In circumstances where a securities fraud claim is based upon allegations of illegal conduct, "the basis for the illegality must be pled with particularity." *In re Mirant Corp. Securities Litig.*, 2009 WL 48188, *17 (N.D. Ga. Jan. 07, 2009).

Plaintiffs rely on several cases in an effort to show they have adequately pled actionable securities fraud claims. *See* Resp. at p. 6, fn 5; p. 8, fn 8.  However, unlike the Complaint here, each of those complaints contained detailed facts regarding the underlying fraudulent conduct:

- *Menkes v. Stolt-Nielsen S.A.*, 2006 WL 1699603, at *1-3 (D.Conn. June 19, 2006) (complaint detailing nearly four years of emails, faxes, and board meeting minutes specifically discussing scheme to fix shipping rates, rig bids, and allocate customers; identified fraudulent statements, who made them, and where and when they were made);
- *In re Marsh & McLennan Cos. Sec. Litig.*, 501 F.Supp. 2d 452, 461-463 (S.D.N.Y. July 20, 2006) (complaint detailing five year class period of complex bid rigging system and pay-to-play system; complaint filed by Attorney General; other parties pled guilty based on dealings with defendant);
- *In re Sotheby's Holdings, Inc. Sec. Litig.*, 2000 WL 1234601 at *1-3 (S.D.N.Y. Aug. 30, 2000) (complaint specifying complex scheme to increase buyer's premium, overhaul seller's commission policy, and change from flat to variable commission; co-conspirator had been granted "conditional amnesty" for reporting illegal activity); and
- *In re UnumProvident Corp. Sec. Litig.*, 396 F.Supp.2d 858, 867 (E.D. Tenn. 2005) (complaint referring to internal memoranda, monthly reports, and other documents detailing three years of scheme to overstate income by terminating legitimate claims).

Here, Plaintiffs describe a nominally "unlawful" agreement with Arctic Glacier that was purportedly implemented via a transaction in California and Arizona between Reddy and

Mountain Ice (*See, e.g*., Compl. at ¶¶ 49-57), but have pled no particular facts showing that the transaction or the ancillary non-compete agreement was unlawful.[1]  Motion, Ex. D; Ex. G at 5-6*; In re JP MorganChase Secs. Litig*., 363 F.Supp.2d 595, 632 (S.D.N.Y. Mar. 28, 2005).  Other alleged agreements do not include the date, duration, or other particulars.  Such bald allegations are far too conclusory to satisfy the requirements of Rule 9 and the PSLRA, and do not support a duty to disclose.  *See In re Axis Capital Holdings Ltd. Secs. Litig*., 456 F.Supp.2d 576, 585 (S.D.N.Y. 2006).

**B.    Plaintiffs have not established a duty on Defendants to disclose any legal risk.**

Plaintiffs assert that Defendants' public statements regarding market share and competition gave rise to a duty to disclose the "illegal market allocation agreement." Resp. at p. 9. However, Plaintiffs' reliance on *Helwig* (Resp. at p. 9, fn 9) is misplaced because they have not articulated any selective disclosure on behalf of Defendants. Motion at pp. 9-11 (discussing Plaintiffs' mischaracterization of Reddy's general statements).  The Complaint also fails to allege that Reddy knew any "hard facts" that might contradict the general statements at the time they were made (*e.g*., being "highly competitive," or having "many competitors").  Therefore, Defendants owed no duty under the securities laws to make legal assessments or predictions for investors based on "soft information." *See Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 947 (6th Cir. 2009); *see also Murphy v. Sofamor Danek Group, Inc*., 123 F.3d 394, 401-402 (6th Cir. 1997).

**C.    Plaintiffs have not pled facts supporting a compelling inference of scienter.**

Plaintiffs have not adequately alleged deliberate illegal behavior so as to give rise to a

---

[1] Notably, Plaintiffs deny the Complaint is predicated on the California transaction and instead assert the foundation for the Complaint is the "undisclosed illegal market allocation agreements between and among Reddy Ice, Arctic Glacier and Home City that was [sic] ongoing throughout the Class Period," thus removing any detailed factual allegations whatsoever regarding the illegal conduct. Resp. at p. 8, fn 7.

3

strong inference of scienter. In addition, Plaintiffs' reliance on statements of confidential witnesses to establish scienter (Resp. at p. 7) is misplaced. When, as here, confidential sources are used to support "vague and conclusory" allegations, the allegations are not "accorded much weight." *Ley v. Visteon Corp.*, 543 F.3d 801, 811 (6th Cir. 2008). The Sixth Circuit has rejected bare-bones witness statements nearly identical to Plaintiffs' allegations. *See Konkol v. Diebold*, Inc., 590 F.3d 390, 400-401 (6th Cir. 2009).

Plaintiffs cite *In re McKesson* for the proposition that they are only required to plead facts, not produce admissible evidence. Resp. at p. 7, fn 6. Nevertheless, under *McKesson* they are required to plead "particular facts that give rise to a strong inference of scienter." *In re McKesson HBOC, Inc., Sec. Litig.*, 126 F.Supp.2d 1248, 1272 (N.D. Cal. 2000). Plaintiffs' confidential witnesses do not make reference to any "facts" (whether admissible or not) as to how any agreement was unlawful, other than labeling it as such. Resp. at p. 7. For example, Plaintiffs' allegation that "according to CW2, ... Defendant Brick knew that ..." (Compl. at ¶53) clearly lacks any allegation or basis for the witness to report on Defendant Brick's knowledge. Similarly, Plaintiffs' allegations that CW1 purportedly became aware of an "unlawful" agreement not to compete against Arctic Glacier in California (Resp. at p. 7) cannot support scienter without more (*e.g.,* date, method, length, participants, etc.). For these same reasons, the Court should steeply discount conclusory hearsay allegations by an employee of a non-party (McNulty) that never even directly interacted with Reddy. (*See* Compl. at ¶ 45); *See Ley*, 532 F.3d at 811.

Plaintiffs next rely on the existence of a government investigation into the packaged ice industry. (Resp. at 17).[2] Government investigations can result from any number of causes, and

---

[2] Plaintiffs mischaracterize the situation of Reddy Ice's employee, Ben Key. *See* (Resp. at p. 14). Ben Key was not terminated but was rather placed on paid leave of absence. Reddy announced that the

4

Plaintiffs have not pointed to any facts demonstrating that these investigations have found any illegal conduct by the Defendants that would render Defendants' statements false.[3] *See In re Hutchinson Tech., Inc. Secs. Litig.*, 536 F.3d 952, 962 (8th Cir. 2008) (concluding SEC investigation was irrelevant to the issue of the complaint's sufficiency and stating the "mere existence of an SEC investigation does not suggest that any of the allegedly false statements were actually false ...[,] nor does it add an inference of scienter."). Similarly, allegations referencing other lawsuits against Reddy do not support an inference of scienter for any of the Defendants. *See, e.g., Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 382-383 (5th Cir. 2004) ("because fraud cannot be proved by hindsight, subsequent lawsuits are unpersuasive of scienter").

**D.     Plaintiffs have not pled facts demonstrating loss causation.**

Disclosures pertaining to internal or external investigations do not become an actionable basis for loss causation until they reveal that a prior statement was actually false. *See Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005). Plaintiffs' Complaint does not show any of Defendants' statements have been revealed to be false.

| | |
|---|---|
| Dated February 17, 2010. | _/s/ James R. Nelson_____<br>JAMES R. NELSON<br>DLA PIPER LLP (US)<br>1717 Main Street, Suite 4600<br>Dallas, TX  75201<br>Telephone:  (214) 743-4500<br>Fax:  (214) 743-4545<br>jr.nelson@dlapiper.com |

---

independent committee's investigation was ongoing and that "no conclusions have been reached that any illegal conduct occurred."  *See* (Mtn. to Dismiss, Ex. L at 99.2).

[3] Indeed, during the Arctic Glacier sentencing hearing on February 11, 2010, the DOJ prosecutor stated they have not found a nationwide conspiracy.  He further stated the only conspiracy found involving Arctic Glacier was in southeastern Michigan.  A transcript of the sentencing hearing is not yet available.  Reddy will file a supplemental exhibit attaching the transcript of that hearing upon receipt.

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and correct copies of Defendants Reddy Ice Holdings, Inc. Brick, and Janusek's Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint have been served on all parties of record via the Court's electronic case filing (ECF) system on this 17th day of February, 2010.

      /s/ James R. Nelson
      JAMES R. NELSON
      **DLA PIPER LLP (US)**
      1717 Main Street, Suite 4600
      Dallas, TX  75201
      Telephone:  (214) 743-4500
      Fax:  (214) 743-4545
      jr.nelson@dlapiper.com