# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | |
|---|---|
| JOHN CHAMBERLAIN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDY ICE HOLDINGS, INC., WILLIAM P. BRICK, STEVEN J. JANUSEK, JIMMY C. WEAVER, and RAYMOND D. BOOTH,<br><br>    Defendants. | **CIVIL ACTION NO. 08-13451 (PDB)**<br><br>**CLASS ACTION** |

### LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE WHALEN'S FEBRUARY 18, 2010 ORDER

TABLE OF CONTENTS

PAGE

Table of Authorities ................................................................................................. ii

Statement of Issues ................................................................................................. iv

Controlling Authorities ........................................................................................... v

I.      SUMMARY OF RESPONSE ...................................................................... 1

II.     FACTS AND PROCEDURAL HISTORY ................................................. 1

III.    STANDARD OF REVIEW .......................................................................... 2

IV.     ARGUMENT ................................................................................................. 4

        A.      Judge Whalen's Legal Analysis was Correct .................................... 4

                1.      Exhibit D:  November 30, 2001 Packaged Ice Press
                        Release ....................................................................................... 5

                2.      Exhibit F:  Non-Public Asset Purchase Agreement ................... 6

                3.      Exhibit G:  Excerpted Pages from Packaged Ice, Inc.
                        Form 10-K for Year Ended December 31, 2001 ......................... 9

        B.      The Court Should Allow Lead Plaintiffs to Take Discovery to
                Refute Defendants' Evidence .............................................................. 10

V.      CONCLUSION ............................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*In re Cardinal Health, Inc. Sec. Litig.*,
   426 F. Supp. 2d 688 (S.D. Ohio 2006) ..........................................................*passim*

*Direct Gen. Corp Sec. Litig.*,
   398 F. Supp. 2d 888, 893 (M.D. Tenn. 2005) ................................................. 5, 10

*In re FirstEnergy Corp. Sec. Litig.*,
   316 F. Supp. 2d 581 (N.D. Ohio 2004)...........................................................4, 5, 9

*Hennessy v. Penril Datacomm Networks*,
   69 F.3d 1344, 1354-55 (7th Cir. 1995) ............................................................. 10

*Kovats v. State of Michigan*,
   No. 06-cv-755, 2008 U.S. Dist. LEXIS 39897 (W.D. Mich. May 16, 2008) ......................... 3

*Marr v. Foy*,
   No. 07-cv-908, 2010 U.S. Dist. LEXIS 9374 (W.D. Mich. Feb. 4, 2010) ............................. 3

*NEFT, LLC v. Border States Energy, LLC*,
   297 Fed. Appx.  406 (6th Cir. Oct. 15, 2008) ........................................................ 3

*Nisus Corp. v. Perma-Chink Sys.*,
   327 F. Supp. 2d 844 (E.D. Tenn. 2003)............................................................... 3

*Rogers v. City of Detroit*,
   595 F. Supp. 2d 757 (E.D. Mich. 2008).............................................................. 6

*Tackett v. M&G Polymers, USA, LLC*,
   561 F.3d 478, 487 (6th Cir. 2009) ................................................................. 11

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)................................................................................ 4

*United States v. Jones*,
    No. 09-16-4-DCR, 2009 U.S. Dist. LEXIS 115106 (E.D. Ky. Dec. 10, 2009) ..................... 3

*Valerie v. Mich. Dept. of Corr.*,
   No. 07-cv-5, 2009 U.S. Dist. LEXIS 62669 (W.D. Mich. July 22, 2009)........................... 11

*Weiner v. Klais & Co.*,
   108 F.3d 86 (6th Cir. 1997)......................................................................... 6

*Yeary v. Goodwill Industries-Knoxville,*
   107 F.3d 443 (6th Cir. 1997) ............................................................................. 6


**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1

Fed. R. Civ. P. 12(d) ............................................................................. 10

Fed. R. Civ. P. 72(a) ............................................................................. 1, 2

Fed. R. Evid. 201 ............................................................................. 4

**STATUTES**

28 U.S.C. § 636(b)(1)(A) ............................................................................. 2, 3

15 U.S.C. § 78u-4(b)(3)(B) ............................................................................. 1

**STATEMENT OF ISSUES**

1.      Whether Magistrate Judge Whalen's Order granting Plaintiffs' motion to strike exhibits to Defendants' motion to dismiss Plaintiffs' Complaint that are outside of the pleadings and raise factual disputes is consistent with controlling law and reasonable?

## Controlling Authorities

1.  *NEFT, LLC v. Border States Energy, LLC*, 297 Fed. Appx.  406 (6th Cir. Oct. 15, 2008)

2.  *Marr v. Foy*, No. 07-cv-908, 2010 U.S. Dist. LEXIS 9374 (W.D. Mich. Feb. 4, 2010)

3.  *In re Cardinal Health, Inc. Sec. Litig.*, 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006)

4.  *Nisus Corp. v. Perma-Chink Sys.*, 327 F. Supp. 2d 844 (E.D. Tenn. 2003)

5.  *In re Direct Gen. Corp Sec. Litig.*, 398 F. Supp. 2d 888 (M.D. Tenn. 2005)

Lead Plaintiffs Lawrence Diamond and Southeastern Pennsylvania Transportation Authority ("Plaintiffs") respectfully submit this Response to Defendants' Objections Pursuant To Rule 72(a) of the Federal Rules of Civil Procedure Regarding Magistrate Judge Whalen's February 18, 2010 Order (the "Objections") [Dkt. No. 64].

I.      **SUMMARY OF RESPONSE**

Magistrate Judge Whalen's well-reasoned Order dated February 18, 2010 (the "Order") was correct on the law and was fully supported by the record before the Court.  Without establishing that any of the challenged exhibits are referenced in the pleadings or do not create disputed issues of fact, Defendants[1] have objected to the Order, claiming that it was clearly erroneous and contrary to law.  Defendants specifically challenge the portion of Judge Whalen's ruling that strikes Exhibits D, F, and G, and related portions of Defendants' memorandum of law supporting their motion to dismiss Plaintiffs' Complaint.

Defendants' Objections should be overruled because:

1) The proffered exhibits were submitted to create a factual dispute regarding Plaintiffs' allegations; and

2) The documents are not integral to Plaintiffs' claims, or are not sufficiently reliable to be subject to judicial notice.

II.     **FACTS AND PROCEDURAL HISTORY**

This is a securities class action arising out of a series of materially false and misleading statements issued by Reddy Ice from August 10, 2005 until September 15, 2008 (the "Class Period").   On November 2, 2009, Plaintiffs filed a Consolidated Class Complaint (the "Complaint").   On December 17, 2009, Defendants filed their Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss") [Dkt. No. 43].   Pursuant to the Private Securities Litigation Reform Act of 1995, all discovery is stayed during the pendency of Defendants' Motion to Dismiss.   *See* 15 U.S.C. § 78u-4(b)(3)(B).  Thus, Plaintiffs have not had the benefit of any discovery in this action.

---

[1] "Defendants" refers to corporate defendant Reddy Ice Holdings, Inc. ("Reddy Ice"), and individual defendants William Brick and Steven Janusek.

1

Concurrently with the Motion to Dismiss, Defendants submitted the sworn affidavit of individual defendant Steven Janusek (the "Janusek Affidavit") [Dkt. No. 43-3], defendant Reddy Ice Holding, Inc.'s Class Period and current Chief Financial Officer, that attached eleven (11) documents.   Several of these documents (*i.e.*, Exhibits D, E, F, G, H, and K) were not specifically referenced or cited in the Consolidated Amended Class Action Complaint (the "Complaint") [Dkt. No. 37].

On January 19, 2010, Plaintiffs filed their Motion to Strike only those exhibits (and related briefing from the supporting memorandum of law for Defendants' Motion to Dismiss) that were not specifically referenced or cited in the Complaint (the "Motion to Strike").   [Dkt. No. 51].  The Court referred the Motion to Strike to Magistrate Judge Whalen for determination pursuant to 28 U.S.C. § 636(b)(1)(A).  The parties submitted briefing on the Motion to Strike.

At a hearing on February 18, 2010, Judge Whalen heard oral argument from the parties and held that the challenged exhibits: (i) are matters outside of the pleadings, and (ii) raise "disputed questions of fact that are more properly reserved for summary judgment."  Tr. at 31.[2] Accordingly, by order dated February 18, 2010 (the "Order"), Judge Whalen granted Plaintiffs' Motion to Strike Exhibits D, E, F, G, H, and K for the reasons cited on the record at the oral argument.  [Dkt. No. 60].  On March 4, 2010, Defendants filed objections to the portion of the Order related to Exhibits D, F, and G.  Defendants did not file objections to the portions of the Order striking from the record Exhibits E, H, and K, and related portions of Defendants' memorandum of law.

## III.    STANDARD OF REVIEW

Upon the timely filing of objections pursuant to Fed. R. Civ. P. 72(a), the Court shall only modify or set aside a magistrate judge's order that is shown to be "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   The standard of review applicable to an appeal of a magistrate judge's order on a non-dispositive issue is "highly

---

[2]  All references to "Tr." refer to the transcript of proceedings held before Magistrate Judge Whalen.  [Dkt. No. 64, pp. 11-46.]

2

deferential," and does not empower a reviewing court to reverse a magistrate judge's order because it would have decided the matter differently. *United States v. Jones,* No. 09-1    6-4-DCR, 2009 U.S. Dist. LEXIS 115106, *3 (E.D. Ky. Dec. 10, 2009) (denying objections where the objecting party failed to establish that the magistrate judge's order was clearly erroneous); *Kovats v. State of Michigan*, No. 06-cv-755, 2008 U.S. Dist. LEXIS 39897, at *4 (W.D. Mich. May 16, 2008) (same).

With respect to a magistrate judge's legal conclusions, a reviewing court may find a conclusion "contrary to law," only if shown that the magistrate judge failed to apply or misapplied "relevant statutes, case law or rules of procedure." *Marr v. Foy*, No. 07-cv-908, 2010 U.S. Dist. LEXIS 9374, *8 (W.D. Mich. Feb. 4, 2010) (affirming a magistrate judge's order where the objecting party failed to carry its burden of establishing that the magistrate judge made a legal determination that was contrary to law).

A magistrate judge's factual finding is deemed to be clearly erroneous where, after reviewing the entire evidence, the Court is left with the "definite and firm conviction that a mistake has been committed." *Id.* (*citing NEFT, LLC v. Border States Energy, LLC*, 297 Fed. Appx.  406 (6th Cir. Oct. 15, 2008) (overruling objections to a magistrate judge's order where the objecting party failed to establish that the magistrate judge's order rested on a clearly erroneous finding of fact).  This standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. *Nisus Corp. v. Perma-Chink Sys.*, 327 F. Supp. 2d 844, 851 (E.D. Tenn. 2003) (overruling objections where the objecting party "completely" failed to demonstrate how the magistrate judge's order was contrary to law).  Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable. *Id.*  The Court should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. *Id.*  Indeed, a district court's review of a magistrate judge's factual findings on a 28 U.S.C. §636(b)(1)(A) referral is "even more deferential" than its review of his legal conclusions." *Marr*, 2010 U.S. Dist. LEXIS 9374, at * 8.

IV.    **ARGUMENT**

A.    **Judge Whalen's Legal Analysis was Correct**

When ruling on a motion to dismiss, the court may not consider matters outside of the pleadings. *In re Cardinal Health, Inc. Sec. Litig.*, 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006) (granting a request for judicial notice of documents that were integral to the parties' claims and did not ask the court to adopt disputed facts as true). Matters outside of the pleadings are documents that a defendant attaches to a motion to dismiss that are not specifically referenced in the complaint. *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 591 n.3 (N.D. Ohio 2004) (holding that there is no "support" for the proposition that a court may consider documents outside of the pleadings when they are not integral to the complaint). Such documents are not considered "within the pleadings" unless the proffering party establishes that the documents (i) are incorporated into the complaint by reference, or (ii) are matters which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Absent such showing, the proffered documents must be stricken from the record. *Cardinal Health*, 426 F. Supp. 2d at 714 (striking from the record a publicly available news article where the proffering party was improperly requesting that the court decide a disputed fact in their favor).

When a public document is not referenced in a complaint, the court may only take judicial notice of the document where it is: (i) integral to the parties' dispute, and (ii) does not ask the court to adopt disputed facts as true. *Cardinal Health,* 426 F. Supp. 2d at 713. To be considered "integral" to the dispute and appropriate for review, the party seeking judicial notice must establish (i) that the document meets the requirements of Fed. R. Evid. 201, and (ii) that the document is central to statements within the complaint. *Id.*; *FirstEnergy*, 316 F. Supp. 2d at 592 n.4. A court may not judicially notice documents to decide facts that are in dispute. *Id.*

Further, Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of facts that are not subject to reasonable dispute in that they are either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). *In re*

*Direct Gen. Corp Sec. Litig.*, 398 F. Supp. 2d 888, 893 (M.D. Tenn. 2005) (granting plaintiffs' motion to strike and denying defendants' motion for judicial notice as to all but one of the alleged offending documents because they were subject to interpretation and explanation and/or offered to establish facts or a factual context for defendants' defenses to plaintiffs' allegations).

It was within the foregoing context of the above referenced applicable case law that Judge Whalen issued his opinion granting Plaintiffs' Motion to Strike Exhibits D, F, and G:

    **1.    Exhibit D:  November 30, 2001 Packaged Ice Press Release**

It is undisputed that Exhibit D, a press release from 2001, is not specifically referenced in the Complaint.  *See, e.g.*, Objections at 7; *see also* Tr. at 32.  Thus, before Judge Whalen could judicially notice the document, the burden was on Defendants to establish that Exhibit D was (i) integral to the parties' dispute, and (ii) does not ask the court to adopt disputed facts as true. *Cardinal Health,* 426 F. Supp. 2d at 713.

Defendants failed to carry such burden.  In their opposition to the Motion to Strike and at oral argument, Defendants asserted that Exhibit D was merely being submitted to the Court because it "fill[s] in the contours of the complaint."  Defendants' Opposition to Plaintiffs' Motion to Strike [Dkt. No. 54] at 6-7; Tr. at 19.  In his ruling, Judge Whalen found that Exhibit D was outside of the pleadings, and that Exhibit D "does go to disputed questions of fact that are more properly reserved for summary judgment."  Tr. at 31.  Based upon this determination, Judge Whalen granted Plaintiffs' Motion to Strike with respect to Exhibit D.  Tr. at 32-33.

In their Objections, Defendants advance the wrong standard for consideration of documents outside of the pleadings in the context of a federal securities claim.  *See* Objections at 7.  Defendants' Objections assume, without any case law support, that documents *not specifically referenced in the Complaint* and attached to their Motion to Dismiss are automatically before the Court regardless of whether they are properly the subject of judicial notice.  This is not the correct standard applied by courts within the Sixth Circuit for determining whether a document outside of the pleadings may be judicially noticed for purposes of deciding a motion to dismiss a federal securities claim.  *See, e.g., Cardinal Health*, 426 F. Supp. 2d at 713; *FirstEnergy*, 316 F.

5

Supp. 2d at 592 n.4.

Instead, Defendants rely on *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997), *Yeary v. Goodwill Industries-Knoxville*, 107 F.3d 443, 445 (6th Cir. 1997), and *Rogers v. City of Detroit*, 595 F. Supp. 2d 757 (E.D. Mich. 2008) to cobble together the erroneous proposition that the Court may consider *any documents* attached to their Motion to Dismiss that simply "fill[] in the contours and details" of the complaint. *See* Objections at 7. The *Weiner* court merely held that documents incorporated by reference into a complaint were central to plaintiff's claims and were properly the subject of judicial notice. As noted above, Exhibit D is not specifically referenced in the Complaint. The *Yeary* case stands for the narrow proposition that affidavits supplied by both sides that simply "verify" the complaint may only be considered in the context of a motion to dismiss so long as they *add nothing new.* 107 F. 3d at 445. Likewise, the *Rogers* court held that *testimony* gathered during discovery supplied by a party to the action that "flesh[es] out the allegations in the complaint" can be considered in the context of motion to dismiss. 595 F. Supp. 2d at 766. None of these cases provides Defendants with any basis for establishing that Judge Whalen's Order is clearly erroneous where, as here, Exhibit D is not specifically referenced in the Complaint and raises factual disputes with the allegations in the Complaint. Accordingly, the Court should overrule Defendants' Objections and affirm Judge Whalen's Order striking Exhibit D.

### 2.    Exhibit F:  Non-Public Asset Purchase Agreement

Exhibit F is not specifically referenced in the Complaint. Thus, the burden was on Defendants to establish that Exhibit F was (i) integral to the parties' dispute, and (ii) does not ask the court to adopt disputed facts as true. *Cardinal Health,* 426 F. Supp. 2d at 713.

Defendants failed to carry such burden. In their opposition to the Motion to Strike and at oral argument, Defendants asserted that Exhibit F was referenced throughout the Complaint and that it was in fact the only agreement that Plaintiffs alleged to be illegal and undisclosed. Defendants' Opposition to Plaintiffs' Motion to Strike [Dkt. No. 54] at 5, 9-10; Tr. at 16-18. In response, Plaintiffs explained that, as alleged, Defendants entered into an Asset Purchase

Agreement ("APA") with a consortium of California companies in furtherance of an illegal market allocation agreement between and among defendant Reddy Ice Holdings, Inc., Arctic Glacier Inc. ("Arctic Glacier") and Home City Ice Co. ("Home City").  Plaintiffs' Reply in Further Support of Motion to Strike [Dkt. No. 56] at 3-4; Tr. at 9-10.  Plaintiffs also explained that this was a private document that was not properly the subject of judicial notice, since it was not objectively verifiable or capable of ready and accurate determination.  Tr. at 9-10, 24-25.  Indeed, the APA itself references schedules that are not attached to the document, and thus is not reliable.

Further, Plaintiffs argued that there were extensive issues of fact surrounding the document because, *inter alia*, Exhibit F fails to mention specific assets or territories that were being sold.  Tr. at 24-25.  For example, Exhibit F references various schedules that provide further information regarding "personal property, contracts and rights" that were the subject of the asset purchase agreement [Dkt. No. 43-8 at 2].  However, Exhibit F is incomplete and does not contain this information.  Likewise, Exhibit F references a right of first refusal with respect to the El Centro, California plant [*Id.* at 3].  Defendants baldly assert that this actually relates to assets located in Brawley, California.  *See* Objections at 5.  Moreover, the covenant not to compete referenced in Exhibit F states that the duration of the non-compete clause lasts five (5) years from the "Closing Date" [Dkt. No. 43-8 at 21-23].  The term "Closing Date" is not defined in Exhibit F, and we have no way of knowing – without further discovery – when this covenant not to compete expired.  *Id.*  Thus, while Exhibit F appears to buttress information provided to Plaintiffs by their confidential witnesses referenced at Complaint ¶¶ 49-50, 53, 55-56, Exhibit F is not indisputably the entire illegal market allocation agreement entered into by Defendants, Arctic Glacier and Home City.

In his analysis, Judge Whalen first determined that Exhibit F was not specifically referenced in the Complaint.  Tr. at 31.  Then, applying the standards outlined above for analyzing the appropriateness of judicial notice of documents not specifically referenced in the pleadings, Judge Whalen held that Exhibit F is "relevant," even "integral" to the Complaint;

however, he found that Exhibit F was being improperly submitted by Defendants to request that the Court adopt a disputed fact as true. *Id.*

Specifically, Judge Whalen found that Exhibit F was subject to numerous factual disputes that only discovery could resolve. *Id.* Judge Whalen noted that based upon the record before him, he could not determine if Exhibit F was the *entire agreement* that Plaintiffs allege to be the nationwide illegal market allocation agreement – as Defendants assert. *Id.* In fact, Judge Whalen recognized that if the Court were to consider this document at this stage of the litigation, the Court would have to treat Defendants' motion as a motion for summary judgment and allow Plaintiffs to take discovery from Defendants. *Id.* at 32-33. For the foregoing reasons, Judge Whalen granted Plaintiffs' Motion to Strike Exhibit F from the record. *Id.*

Like Defendants' assertions before Judge Whalen, Defendants' Objections here fair no better. Again, Defendants request that this Court resolve numerous factual disputes through their request for judicial notice of Exhibit F and fail to establish why Magistrate Judge Whalen's Order is clearly erroneous or contrary to law. *See* Objections at 4-5 (reciting numerous Complaint allegations and contending that Exhibit F is the entire market allocation agreement that Plaintiffs allege to be the undisclosed, nationwide illegal market allocation conspiracy). Again, Defendants advance an incorrect standard for the types of documents the Court may consider in connection with a motion to dismiss. *See*, *e.g.*, *Id.* at 6-7 (citing *Cardinal Health*, 426 F. Supp. 2d at 714-15, for the proposition that the court should consider defendants' side when resolving a motion to dismiss). What Defendants ignore is the fact that when a private document is submitted for judicial notice in the context of a motion to dismiss, it must: (i) be capable of ready and accurate determination, (ii) be integral to the parties' dispute, and (iii) not ask the court to adopt disputed facts as true. *Cardinal Health*, 426 F. Supp. 2d at 713. Because Exhibit F falls far short of this standard – as Judge Whalen recognized – the Court should

overrule Defendants' Objections and affirm Judge Whalen's Order striking Exhibit F from the record.[3]

### 3.    Exhibit G:  Excerpted Pages from Packaged Ice, Inc. Form 10-K for Year Ended December 31, 2001

Exhibit G is not referenced in the Complaint, and not only relates to a predecessor company to defendant Reddy Ice, but also is remote from the 2005-2008 Form 10-Ks at issue in this litigation.  Before Judge Whalen could judicially notice the 2001 Form 10-K, the burden was on Defendants to establish that Exhibit G was (i) integral to the parties' dispute, and (ii) does not ask the court to adopt disputed facts as true.  *Cardinal Health,* 426 F. Supp. 2d at 713.

Defendants did not and cannot carry such burden.  In their opposition to the Motion to Strike and at oral argument, Defendants asserted that Exhibit G was submitted to the Court because it disclosed Reddy Ice's "practices with regard to business transactions."  Defendants' Opposition to Plaintiffs' Motion to Strike [Dkt. No. 54] at 10-11; Tr. at 19.  In his ruling, Judge Whalen found that Exhibit G was outside of the pleadings, because the document did not relate to the specific Complaint allegations "as to what reports are false and misleading."  Tr. at 32. Judge Whalen further found that, even assuming Exhibit G referenced the asset purchase agreement at Exhibit F, the disputed factual issues surrounding Exhibit F and Defendants' improper use of Exhibits F and G warrant exclusion of Exhibit G from the record.  *Id*. Accordingly, Judge Whalen appropriately struck Exhibit G.  Tr. at 32-33.

In their Objections, Defendants contend that the Court may consider the full text of SEC filings regardless of whether they are attached to the Complaint so long as they are integral to statements within the Complaint.  *See* Objections at 7-8.  As noted above, however, Defendants

---

[3] Remarkably, Defendants cite to stricken evidence (Exhibit H) to provide the Court with "context" to explain why Exhibit F is purportedly integral and does not raise a disputed fact with the Complaint.  This fact alone demonstrates that Exhibit F is subject to numerous factual disputes rendering Exhibit F improper for judicial notice.  If proper, the Court would be able to make the determination that Exhibit F, standing alone, is integral to Plaintiffs' claims and does not ask the Court to resolve a disputed fact.  *Cardinal Health*, 426 F. Supp. 2d at 713; *FirstEnergy*, 316 F. Supp. 2d at 592 n.4.

cite to no authority (nor can they) that permits a defendant to submit a SEC filing that does not relate to the statements that are alleged to be false and misleading in the Complaint, and raises a factual dispute with the Complaint allegations. Even Defendants' own authority holds that it is improper for a court to judicially notice a SEC filing if it requires the court to adopt a disputed fact as true. *See*, *e.g.*, Objections at 7 citing *Cardinal Health*, 426 F. Supp. 2d at 712. Accordingly, Judge Whalen's Order striking Exhibit G from the record is not contrary to law and Defendants' Objections should be overruled. *See*, *e.g.*, *Direct Gen. Corp Sec. Litig.*, 398 F. Supp. 2d at 894 (the court judicially noticed a SEC filing solely to determine what disclosures were made during the class period, and "not as proof of the actual activities or transactions which it purports to disclose."); *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (refusing to take judicial notice of Form 10-K to resolve factual dispute).

**B.**     **The Court Should Allow Lead Plaintiffs to Take Discovery to Refute Defendants' Evidence**

During the hearing, Judge Whalen stated that Exhibits D, F & G are testing the "factual sufficiency" – rather than the legal sufficiency – of the Complaint. Tr. at 32. Judge Whalen further found that these exhibits all support a fact-based defense that is more appropriately resolved in the context of motion for summary judgment once discovery has been completed. *Id.* Similarly, Defendants submitted a supplemental exhibit consisting of excerpts of a criminal sentencing hearing for Arctic Glacier that further imposes upon the Court fact-based evidence outside of the pleadings to create factual disputes and defenses more appropriate for summary judgment proceedings. [Dkt. No. 63, Exhibit A]. Accordingly, should the Court wish to consider Exhibits D, F, and G, or the Arctic Glacier sentencing hearing transcript, Plaintiffs request that the Court convert Defendants' Motion to Dismiss into a motion for summary judgment and allow Plaintiffs to take discovery from Defendants.

When a court considers matters outside the pleadings in a Rule 12(b)(6) motion, Rule 12(d) requires that "the motion must be treated as one for summary judgment under Rule 56." *Fed. R. Civ. P.* 12(d). A district court may convert the motion sua sponte; however, this

10

conversion "should be exercised with great caution and attention to the parties' procedural rights." *Valerie v. Mich. Dept. of Corr.*, No. 07-cv-5, 2009 U.S. Dist. LEXIS 62669, at *35 (W.D. Mich. July 22, 2009) (citing *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009) (converting motion to dismiss into motion for summary judgment sua sponte where the court determined that the parties had an adequate opportunity to respond to each other's evidence)). Indeed, a party against whom evidence is introduced in the context of a motion to dismiss must be given the opportunity to respond adequately to the evidence prior to conversion. *Valerie*, 2009 U.S Dist. LEXIS 62669 at *36.

Also, the Janusek Affidavit provides sworn testimony from an individual defendant that attempts to introduce authenticated evidence into the record – as if in support of a motion for summary judgment. Exhibits D, F, and G raise many complex factual issues that must be resolved before the Court may consider this evidence at this stage of the litigation. For example, Defendants assert that Exhibit F is the only agreement that Plaintiffs allege to be the undisclosed illegal market allocation agreement referenced throughout the Complaint. *See* Objections at 6-7. Judge Whalen noted that the interpretation of Exhibit F advanced by Defendants requires discovery before that conclusion can be made. Tr. at 31. Moreover, Defendants refer to Janusek Affidavit Exhibit H (which was stricken from the record) to explain why Exhibit F is integral and does not raise any factual disputes with the Complaint allegations. *See* Objections at 5. Defendants have not objected to the part of the Order striking Exhibit H from the record. Thus, Defendants' contumacious reliance on Exhibit H, alone, warrants conversion of Defendants' Motion to Dismiss into a motion for summary judgment. *Valerie*, 2009 U.S Dist. LEXIS 62669 at *36 (the court converted a motion to dismiss into a motion for summary judgment where the moving party supported their motion to dismiss with numerous documents outside of the pleadings). Accordingly, to resolve this factual issue, the Court should allow Plaintiffs the opportunity to take discovery from Defendants – as indicated by Judge Whalen at the hearing. Tr. at 32.

## V.     <u>CONCLUSION</u>

For the foregoing reasons, the Court should affirm Magistrate Judge Whalen's February

18, 2010 Order in its entirety.

DATED:  March 18, 2010                    Respectfully submitted,
                                          **BARROWAY TOPAZ KESSLER**
                                               **MELTZER & CHECK, LLP**

                                          */s/ Lauren Wagner Pederson*
                                          GREGORY M. CASTALDO
                                          LAUREN WAGNER PEDERSON
                                          MARK S. DANEK
                                          280 King of Prussia Road
                                          Radnor, PA 19087
                                          (610) 667-7706
                                          (610) 667-7056 (fax)
                                          gcastaldo@btkmc.com
                                          lpederson@btkmc.com
                                          mdanek@btkmc.com

                                          *Lead Counsel for Lead Plaintiffs and the Class*

                                          **COUGHLIN STOIA GELLER**
                                               **RUDMAN & ROBBINS LLP**
                                          DEBRA J. WYMAN
                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101
                                          Telephone:  619/231-1058
                                          619/231-7423 (fax)
                                          debraw@csgrr.com

                                          *Counsel for Plaintiff Lawrence Diamond*

**ZAUSMER, KAUFMAN, AUGUST,
  CALDWELL & TAYLOR, P.C.**
MARK. J ZAUSMER (P31721)
MISCHA BOARDMAN (P61783)
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
Telephone:  248/851-4111
248/851-0100 (fax)
mzausmer@zkact.com
mboardman@zkact.com

*Liaison Counsel for Plaintiffs and the Class*

13

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 18, 2010, pursuant to LR 72.1(d)(2) and Fed. R. Civ. P. 72(a), I caused a copy of the forgoing LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE WHALEN'S FEBRUARY 18, 2010 ORDER to be served upon the Honorable R. Steven Whalen by hand delivery and electronically filed same with the Clerk of the Court using the ECF system which will send notification of such filing to: David A. Ettinger, James R. Nelson, Raymond W. Henney, Samuel B. Isaacson, and Douglas C. Salzenstein.

/s/ Lauren Wagner Pederson