UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN CHAMBERLAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>REDDY ICE HOLDINGS, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 2:08-cv-13451-PDB-SDP<br><br>CLASS ACTION<br><br><br><br><br><br><br>Honorable Paul D. Borman<br>U.S. Magistrate Judge R. Steven Whalen |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
OBJECTION PURSUANT TO RULE 72(a) OF
THE FEDERAL RULES OF CIVIL PROCEDURE
REGARDING MAGISTRATE WHALEN'S FEBRUARY 18, 2010 ORDER**

Defendants Reddy Ice Holdings, Inc. ("Reddy"), William Brick, and Steven Janusek ("Defendants") respectfully submit this Reply in support of their Objection Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure Regarding Magistrate Whalen's February 18, 2010 Order.

**I. Magistrate Whalen's determination that Exhibits D, F, and G should not be considered a part of the pleadings was clearly erroneous.**

In an attempt to avoid the consideration of certain documents by this Court in determining Defendants' 12(b)(6) Motion to Dismiss, Plaintiffs rely on *Tellabs* to argue that the Court should only consider documents that are either: (1) incorporated by reference in the complaint; or (2) subject to judicial notice. Response at 4. However, Plaintiffs mis-characterize *Tellabs* and, in doing so, urge application of the wrong legal standard to this Court's determination.

Rather than restricting the scope of documents that may be considered, the *Tellabs* court was, *in dicta*, simply noting two "particular" types of documents courts "ordinarily examine."[1] In addition to the categories noted in *Tellabs*, the Sixth Circuit recognizes that consideration of exhibits submitted with a 12(b)(6) motion is appropriate where, as here, the substance of the material submitted is referred to in the Complaint and central to the claims contained therein. *Bassett v Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *see also Wyser-Pratte Mgm't Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (stating that "[i]n addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint"); *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360–61 (6th Cir. 2001) (noting that courts "may consider the full text of [] SEC filings, prospectus, analysts' reports and statements [which are] 'integral to the complaint'").[2] Part of Plaintiffs' allegations in this case is that Reddy Ice engaged in a conspiracy to allocate markets and, as part of that conspiracy, sold its California assets to (and agreed not to compete with) a consortium of companies with the understanding that Arctic Glacier would, in turn, acquire that consortium at a later date. *See* Objection at 4–5. Plaintiffs further contend that Defendants failed to disclose the alleged unlawful market allocation agreement. *See, e.g.*, Complaint at ¶¶ 72, 141, 148. Exhibits D, F and G pertain to this California transaction and are clearly integral to Plaintiffs' claims. Indeed, Exhibit F is the

---

[1] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007). Plaintiffs also rely on *Cardinal Health* to support this limitation, but *Cardinal Health* does not even mention documents "referred to" or "referenced" in a complaint. *See* Response at 4 (citing, as authority, *In re Cardinal Health*, 426 F. Supp. 2d 688, 713 (S.D. Ohio 2006)).

[2] *See also* WRIGHT & MILLER § 1357 (3d ed. 2004) (explaining that "[n]umerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint . . . these items may be considered by the district judge without converting the motion into one for summary judgment.").

California asset agreement referenced over and over in the Complaint. Judge Whalen recognized that the substance of Exhibit F was referenced in the Complaint, explaining that Exhibit F was relevant to the case and acknowledging that Exhibit F was "probably integral" to the Complaint. Tr. at 31.

*Yeary* and *Rogers* further illustrate the breadth of the types of documents that may be considered in connection with a motion to dismiss, and Exhibits D, F and G fall within those parameters.[3] Exhibit F, the Asset Purchase Agreement ("APA"), is undoubtedly the agreement referenced repeatedly in the Complaint. Objection at 4–7. Plaintiffs argue Exhibit D, a press release, should be stricken because it is not specifically referenced in the Complaint. Response at 5. However, Exhibit D disclosed the execution of the APA and related non-competition agreement and, thus, addresses subject matter central to and "fleshes out" Plaintiffs' claims. Exhibit G, excerpts from Reddy's Annual Report for the fiscal year ended December 31, 2001, is a public document and disclosed the execution of the APA. Plaintiffs argue in their Response that Exhibit G "relates to a predecessor company" of Reddy and "is remote" from the 10-Ks the Complaint places at issue. Response at 9. The fact that the SEC filing pre-dates the class period, however, does not mean that it is not integral to the Complaint's allegations. To the contrary, an SEC filing that disclosed a transaction at the core of Plaintiffs' allegations is obviously central to the subject matter of Plaintiffs' claims and "fills in the contours and details" of the allegations in the Complaint. Accordingly, when the appropriate legal standard is applied, all three exhibits are

---

[3] *See Rogers v. Detroit Police Dep't*, 595 F. Supp.2d 757, 766 (E.D. Mich. 2009) (concluding that "the Plaintiff's deposition may be considered as fleshing out the allegations in the complaint and may therefore be referred to without converting the motion to a summary judgment motion"); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (considering materials that "simply filled in the contours and details of the plaintiff's complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

WEST\21905862.4

appropriate for consideration by this Court in deciding Defendants' Motion to Dismiss. *Cardinal Health*, 413 F.3d at 560.

Because Plaintiffs are applying an incorrect standard, they continue their analysis in the Response by turning to the second prong of their judicial notice standard—that the exhibit may not ask the court to adopt disputed facts as true. Defendants, however, are not asking the Court to take judicial notice of Exhibits D, F and G, nor do they need to do so in order for the exhibits to be considered under applicable law. Moreover, even if judicial notice were the sole proper standard, consideration of the subject exhibits does not require this Court to adopt as true any disputed facts. Plaintiffs do not attempt in their Response to identify factual issues raised by Exhibits D and G—nor could they. In fact, Exhibits D and G are offered solely for the purpose of demonstrating that Exhibit F, the APA, was disclosed—not for the purpose of asking the Court to adopt as true all statements or activities contained in the exhibits. Plaintiffs' Response asserts that factual questions exist with respect to Exhibit F, but those arguments are unavailing.[4] Finally, Plaintiffs continue to argue that Exhibit F was not the only agreement that Plaintiffs alleged to be illegal and undisclosed. Response at 7. However, as noted in their Objection, Defendants are aware of no legal precedent—and Plaintiffs provide none—that supports exclusion of a document that is integral to the Complaint simply because it is not the only agreement alleged in the Complaint. Because the APA is at the heart of Plaintiffs' claims, it is appropriate for consideration in connection with Defendants' 12(b)(6) motion.

---

[4] First, Plaintiffs misconstrue the APA's first right of refusal (Section 2.4), arguing that "Exhibit F references a right of first refusal with respect to the El Centro, California plant." Response at 7. This provision clearly relates to assets in Brawley since the first right of refusal is for Reddy Assets in Imperial County (and Brawley, California is a city located in Imperial County). Plaintiffs also note that the term of the non-compete runs from an unknown date to imply (but not to articulate how) the expiration of the non-compete is material to this point. *Id.*

-4-

B. **Conversion of the 12(b)(6) Motion to Dismiss is not Warranted.**

This Court may consider Exhibits D, F, and G in determining Defendants' 12(b)(6) motion to dismiss. Thus, conversion of Defendants' motion to a motion for summary judgment is not warranted and would be improper. In addition, discovery is stayed under the PSLRA pending a ruling on the motion to dismiss.

For the foregoing reasons and those noted in Defendants' Objection and in Defendants' Response to Plaintiffs' Motion to Strike, Defendants respectfully request this Court not adopt the portion of the February 18, 2010, Order that strikes Exhibits D, F, and G.

Dated: March 25, 2010.                                              Respectfully Submitted,


RAYMOND W. HENNEY                          /s/ James R. Nelson
Michigan State Bar No. P35860              JAMES R. NELSON
**HONIGMAN MILLER SCHWARTZ AND**           Texas State Bar No. 14899800
**COHN LLP**                               **DLA PIPER LLP (US)**
660 Woodward Avenue                        1717 Main Street, Suite 4600
2290 First National Building               Dallas, TX 75201
Detroit, MI 48226                          Telephone: (214) 743-4500
Telephone: (313) 465-7410                  Fax: (214) 743-4545
Fax: (313) 465-7411                        jr.nelson@dlapiper.com
rhenney@honigman.com

                                           SAMUEL B. ISAACSON
                                           Illinois State Bar No. 06184323
                                           **DLA PIPER LLP (US)**
                                           203 North LaSalle Street, Suite 1900
                                           Chicago, IL 60601
                                           Telephone: (312) 368-4000
                                           Fax: (312) 236-7516
                                           samuel.isaacson@dlapiper.com

                                           *Counsel for Defendants Reddy Ice Holdings,*
                                           *Inc., William P. Brick and Steven J. Janusek*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of "Defendants' Reply Brief in Support of Their Objection Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure Regarding Magistrate Whalen's February 18, 2010 Order" have been served on all parties of record via the Court's electronic case filing (ECF) system on this 25th day of March, 2010.

/s/ James R. Nelson
JAMES R. NELSON
**DLA PIPER LLP (US)**
1717 Main Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 743-4500
Fax: (214) 743-4545
jr.nelson@dlapiper.com