UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CHAMBERLAIN, Individually and on
Behalf of All Others Similarly Situated,
Plaintiff,                                             CLASS ACTION

vs.                                                    Civil Action No. 2:08-13451

               United States District Judge Paul D. Borman
               United States Magistrate Judge R. Steven Whalen

REDDY ICE HOLDINGS, INC., et al.,
Defendants.
_____/

OPINION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S FEBRUARY 18, 2010
ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE (DKT. NO. 60)

   On February 18, 2010, Magistrate Judge R. Steven Whalen issued an Order Granting Plaintiffs' Motion to Strike, for reasons and under terms stated on the record at a hearing held on February 18, 2010. (Dkt. No. 60.) Before this Court are Defendants' Objections Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure Regarding the Magistrate Judge's February 18, 2010 Order. (Dkt. No. 64.) Plaintiffs have a filed a response to Defendants' objections (Dkt. No. 67) and Defendants have filed a reply (Dkt. No. 70.) For the following reasons the Court AFFIRMS the Magistrate Judge's February 18, 2010 Order.

**I.  BACKGROUND**

   On December 17, 2009, Defendants Reddy Ice Holdings, Inc. ("Reddy Ice"), William P. Brick ("Brick") and Steven J. Janusek ("Janusek") filed their Motion to Dismiss Plaintiffs'

1

Consolidated Class Action Complaint. (Dkt. No. 43.) On January 18, 2010, Plaintiffs filed their Brief in Opposition to the Motion to Dismiss. (Dkt. No. 48.) On January 19, 2010, Plaintiffs filed a Motion to Strike Certain Exhibits Attached to the Affidavit of Steven J. Janusek and Related Portions of the Brief in Support of Defendants' Reddy Ice, Brick and Janusek's Motion to Dismiss. (Dkt. No. 51.) Defendants filed a response to the motion to strike (Dkt. No. 54) and Plaintiffs filed a reply (Dkt. No. 55.)

On February 18, 2010, Magistrate Judge Whalen held a hearing on Plaintiffs' motion to strike and issued an Order granting Plaintiffs' motion to strike for the reasons and under the terms stated on the record at the hearing. (Dkt. No. 60.) Defendants now object to the portions of the Magistrate Judge's Order which strike Exhibits D, F and G, arguing that these Exhibits are either (1) referred to in Plaintiffs' Complaint; (2) subject to judicial notice and/or (3) are integral to the claims stated in Plaintiffs' Complaint and do not ask the Court to adopt disputed facts as true.

**A.      The Stricken Exhibits**

Defendants argue that Exhibit F, an Asset Purchase Agreement between a predecessor in interest to Defendant Reddy Ice and several other companies, is specifically referred to in Plaintiffs' Complaint numerous times, is integral to Plaintiffs' claims and therefore is properly attached to Defendants' motion to dismiss and should be considered by the Court in ruling on Defendants' motion. Defendants contend that Plaintiffs allege that Defendants failed to disclose this Asset Purchase Agreement, along with other agreements, which were "secretively entered into, concealed from the public, and part of a collusive effort." (Defs.'s Obj. 7.) Defendants argue that these allegations figure centrally in Plaintiffs' Complaint and, therefore, the Asset Purchase Agreement should be considered by the Court in determining whether Plaintiffs' securities fraud claims survive

2

Defendants' motion to dismiss. Plaintiffs respond that Exhibit F is not specifically referenced in the Complaint and that, without further discovery, there is no way to ascertain whether Exhibit F is in fact the agreement referred to by Plaintiffs' confidential witnesses and referenced in generic terms at numerous points in Plaintiffs' Complaint. Plaintiffs argue that, therefore, the Asset Purchase Agreement, which is not specifically referenced in the Compliant, is being improperly offered to dispute factual allegations contained in the Complaint and was properly stricken.

Defendants argue that Exhibit D, a press release which Defendants argue establishes the fact that the Asset Purchase Agreement was in fact publicly disclosed, is a public document of which the Court can take judicial notice and is central to the subject matter of the Complaint. Defendants argue that Exhibit D is not being offered to dispute facts relating to Plaintiffs' claims but only to give a full picture of the manner in which the Asset Purchase Agreement was executed. Plaintiffs respond that Exhibit D is not specifically referenced in the Complaint and is improperly offered to dispute factual allegations in the Complaint and was, therefore, properly stricken.

Defendants argue that Exhibit G, excerpted pages from Reddy's Annual Report for the fiscal year ended December 31, 2001, filed on form 10-K with the SEC on March 8, 2002, can be considered, although not attached to Plaintiffs' Complaint, because it constitutes an official SEC filing and is central to the Plaintiffs' Complaint. Defendants contend that they do not offer Exhibit G to challenge the factual allegations contained in the Complaint but rather to evidence Reddy's business practices, i.e. "that Reddy Ice enters into covenants not to compete in 'substantially all acquisitions.'" (Defs.'s Obj. 8.) Plaintiffs respond that Defendants have failed to demonstrate that this SEC filing relates to any of the statements that are alleged to be false and misleading in the Complaint. Plaintiffs further argue that even assuming that Exhibit G does refer to the Asset

3

Purchase Agreement (Exhibit F), the disputed factual issues raised by Exhibit F warrant exclusion of Exhibit G.

**B.     Magistrate Judge Whalen's Ruling[1]**

At the hearing on February 18, 2010, Magistrate Judge Whalen ruled that the material proffered by Defendants in Exhibits D, F and G (among other exhibits not raised in Defendants's objections) relates "to disputed questions of fact that are more properly reserved for summary judgment." (Transcript of Hearing, February 18, 2010, p. 31) (hereinafter "Hr'g Tr. at __.") Beginning with Exhibit F, the Asset Purchase Agreement, the Magistrate Judge found that this Exhibit was not specifically referenced in the Complaint. The Magistrate Judge further found that there were numerous questions of fact surrounding Exhibit which could only be resolved with further discovery. (*Id.*) As such, the Magistrate Judge ruled, Exhibit F was a matter outside the pleadings, consideration of which would necessarily convert Defendants' motion into one for summary judgment.

Regarding Exhibits D and G, the Magistrate Judge found that these documents were outside the allegations in the Complaint and, like Exhibit F, tested the factual, as opposed to the legal, sufficiency of Plaintiffs' Complaint:

> All of these exhibits, I think, would support fact-based defenses, but permitting these in the 12(b)(6) motion, without the opportunity for further discovery, for further amplification of what these exhibits mean and how they fit into the complaint, are factual questions.
>
> So for that reason, I will grant the plaintiffs' motion to strike Exhibits, D, E, F, G,

---

[1] Magistrate Judge Whalen also ruled that Plaintiffs' had not waived their right to move to strike the contested exhibits even though they filed their response to Defendants' Motion to Dismiss the day before they filed their Motion to Strike. (Hr'g Tr. 33-34.) Defendants' do not challenge this portion of the Magistrate Judge's ruling in their objections.

4

> H and K of the defendants' pending motion [to dismiss], as well as references and arguments in the motion and brief itself that rely on those exhibits.

(Hr'g Tr. 32-33.)

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir.1992) (quoting *U.S. Gypsum Co*.). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich.2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his

5

legal conclusions are reviewed under the plenary 'contrary to law' standard.... Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D.Ohio 1992)).

## III. ANALYSIS

When ruling on a motion to dismiss, a court may not consider matters outside the pleadings. *Weiner v. Klais and Co.,* 108 F.3d 86,88 (6th Cir. 1997); *In re Cardinal Health, Inc. Sec. Litig*., 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006). However, "a court may consider any matters of which a court may take judicial notice without converting a party's motion to dismiss into a motion for summary judgment." *Id*. Additionally, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner, supra* at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). When documents attached to a motion to dismiss are not incorporated by reference in plaintiff's complaint, a court may only consider those documents that (1) are readily verifiable and integral to the parties' dispute and (2) do not ask the court to adopt disputed facts as true. *Cardinal Health* at 713.

This Court concludes that the Magistrate Judge's finding that Exhibit F, the Asset Purchase Agreement, was not specifically referenced in the Complaint is not clearly erroneous. There is no question that Exhibit F is never referred to in the Complaint by its formal title or date. Plaintiffs state that "while Exhibit F appears to buttress information provided to Plaintiffs by their confidential witnesses referenced at Complaint ¶¶ 49-50, 53, 55-56, Exhibit F is not indisputably the entire illegal market allocation agreement entered into by Defendants, Arctic Glacier and Home City." (Pls.'s

Resp. to Obj. 7.) Plaintiffs state that Exhibit F is facially incomplete and that it is impossible to confirm, without conducting further discovery, that Exhibit F is in fact the agreement to which its confidential witnesses refer and which Plaintiffs mention at numerous points in their Complaint. (Pls.'s Resp. to Obj. 6-7.) Therefore, Plaintiffs argue, Exhibit F is not objectively verifiable or capable of ready and accurate determination at this point in the litigation and its reliability is therefore subject to reasonable dispute. *Cardinal Health, supra* at 714. Plaintiffs argue that consideration of Exhibit F at this stage of the proceedings would deprive them "of the opportunity to use rebuttal evidence, cross-examination and argument to attack contrary evidence." (Pls.'s Reply in Support of Motion to Strike, Dkt. No. 55, p. 4.)

Defendants rely on *Weiner v. Klais and Co.*, 108 F.3d 86 (6th Cir. 1997) for the proposition that a defendant may introduce certain pertinent documents referred to in the complaint if Plaintiff fails to do so. In *Weiner*, an ERISA case, the court held that the group health plan documents, under which plaintiff was claiming benefits, could be considered on a motion to dismiss although plaintiff did not attach them to her complaint. There was no dispute in *Weiner* that the plan documents considered by the district court were in fact those under which plaintiff claimed benefits. *Id*. at 89. The court found that the plan documents were incorporated through plaintiff's reference to her rights under the plan and were central to her claim that she was entitled to recover. *Id.* In the instant matter, Plaintiffs dispute that in fact the Asset Purchase Agreement, which Defendants intend to rely on to dispute Plaintiffs' claim that certain illegal market allocation agreements entered into by Reddy Ice were not disclosed to its shareholders, is the entire agreement to which they refer in their Complaint. Without further discovery, Plaintiffs assert, the completeness of Exhibit F and its relation to the allegations in Plaintiffs' Complaint cannot be known.

7

Even assuming Exhibit F was capable of ready verification, because Exhibit F is not specifically referenced in the Complaint, in order to proffer Exhibit F in support of their motion to dismiss, Defendants would be required to establish that Exhibit F is both integral to the Complaint and does not ask the Court to adopt disputed facts as true. *Cardinal Health, supra* at 713-714. Relying on *Cardinal Health,* Defendants urge the Court to relax the standards applicable to consideration of matters outside the pleadings because this is a securities fraud case governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and accordingly a finding of *scienter* is essential and preliminary to a consideration of Plaintiffs' allegations. However, *Cardinal Health*, also a securities fraud case brought pursuant to the PSLRA, did not purport to change the standards for evaluating the admissibility of documents not specifically referred to in a Complaint in support of a motion to dismiss. While the court in *Cardinal Health* did caution that "to advance the purposes of the PSLRA, the court should not adopt Plaintiffs' view of the facts without also considering the merits of [] Defendants' assertions," the court did not propose that a different standard should apply in such case when the court is asked to consider matters outside the pleadings on a motion to dismiss. "When considering public documents in the context of a motion to dismiss, however, the court may not accept a document to decide facts that are in dispute." *Id*. at 713.

Magistrate Judge Whalen concluded that although Exhibit F was likely integral to Plaintiffs' allegations, consideration of Exhibit F as proposed by Defendants would specifically require the Court to accept disputed factual issues as true and therefore granted Plaintiffs' motion to strike. Plaintiffs assert that Defendants purport to rely on Exhibit F as evidence of the fact that Reddy Ice was engaged in nothing more than lawful competition pursuant to a disclosed 2001 non-compete agreement. (Pls.'s Resp. to Defs.'s Mot. Dismiss, Dkt. No. 48, p. 14 n. 13.) Plaintiffs argue that in

8

fact their Complaint, which alleges a nationwide scheme relating to time periods well beyond the execution of Exhibit F, is not so limited. "Defendants improperly contend that the non-public Asset Purchase Agreement ("APA") entered into during 2001 is referred to throughout the Complaint, and attempt to conflate the illegal market allocation agreement alleged in the Complaint with one asset sale agreement." (Pls.'s Reply in Support of Mot. to Strike, Dkt. No. 55, p. 3.) Magistrate Judge Whalen recognized in his ruling that Exhibit F indeed is not the entire agreement alleged in the Complaint and "not necessarily an agreement that is beyond factual construction or beyond factual dispute." (Hr'g Tr. 31.) This Court concludes that Magistrate Judge Whalen's conclusion that Exhibit F presents factual challenges to Plaintiffs' Complaint not appropriately resolved on a motion to dismiss is not clearly erroneous.

As to Exhibits D and G, which purport to show that Exhibit F was publicly disclosed and that covenants not compete are standard business practice at Reddy Ice, Magistrate Judge Whalen ruled that these Exhibits also challenge the factual sufficiency of Plaintiff's Complaint. As *Cardinal Health* instructs, any document of which the Court can properly take judicial notice cannot be considered if it also asks the Court to decide a fact in dispute or to accept a disputed fact as true. *Id*. at 713. While Defendants argue that these Exhibits are offered only to give context to the circumstances under which Exhibit F was executed, they also seek to use these Exhibits to refute Plaintiffs' allegation that certain agreements were not disclosed. Moreover, the factual issues surrounding Exhibit F also taint Exhibits D and G which, as Magistrate Judge concluded, are the next "domino[es] in the bunch." (Hr'g Tr. 32.) The Court concludes, therefore, that Magistrate Judge Whalen's ruling that Exhibits D and G be stricken is not clearly erroneous.

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' Objections to the Magistrate Judge's February 18, 2010 Order Granting Plaintiffs' Motion to Strike, GRANTS Plaintiffs' Motion to Strike and orders the parties to submit an agreed upon redacted version of Defendants' motion to dismiss consistent with this Order.

IT IS SO ORDERED.

                s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated: April 28, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2010.

                s/Denise Goodine
                Case Manager